69005. STODDARD v. BOARD OF TAX ASSESSORS.
(326 SE2d 827)

SOGNIER, Judge.

H. L. Stoddard, Jr. brought an appeal to the Superior Court of Grady County contesting the 1983 property assessment for ad

valorem taxes made by the Grady County Board of Tax Assessors (Board) on his property. Stoddard retained attorney J. Patrick Ward to represent him. The Board moved to disqualify Ward and the trial court granted that motion. We granted the ensuing application for interlocutory review.

1. Appellant contends the trial court erred by granting appellee's motion to disqualify his attorney, Ward. Ward was serving as county attorney when appellant instigated a suit against appellee in 1978 challenging that year's ad valorem tax assessment of his property. Ward represented appellee in the trial of this suit in 1979. Ward subsequently left his position as county attorney.

At the hearing on the motion to disqualify, appellee presented Julian Rawls, a current tax assessor for Grady County who also worked on the preparation of the 1978 case. The record shows that Rawls answered positively to questions posed by the court as to whether he had private, confidential lawyer-client conversations with Ward, whether he was furnished advice and counsel by Ward, and whether he expected some of the conversations he had with Ward to remain private and confidential. However, the record clearly discloses that Rawls was unable to remember one single instance where a matter discussed with Ward could harm or prejudice appellee now; further, Rawls was unable to remember even the general nature of the matters discussed which he now asserts he expected to be kept confidential. Rawls also testified that since 1979 both the statutory and the case law concerning property assessment have undergone such major changes that in preparing the current litigation he did not intend to rely on the advice Ward gave appellee about the law in 1978.

Appellant argues that because appellee is a public agency and ad valorem tax digests, returns and related records are "public records" as contemplated by the Open Records Act, OCGA § 50-18-70, no confidential communications could have passed between appellee and its then attorney, Ward, in essence arguing that "open government" negates the existence of the attorney-client relationship as to matters discussed between county officials and county attorneys. We decline appellant's invitation to make such an inappropriately sweeping declaration of the law in this area. The rules of disqualification of an attorney will not be mechanically applied; rather, we should look to the facts peculiar to each case in balancing the need to ensure ethical conduct on the part of lawyers appearing before the court and other social interests, which include the litigant's right to freely chosen counsel. See *Dodson v. Floyd*, 529 FSupp. 1056 (1981).

Looking to the particular facts in the case sub judice, we see that a four to five-year interval has ensued since Ward represented appellee and that the statutory and case law have undergone major changes in the area involved in the two cases. While we do not inquire ordina-

rily into the exchange of confidential communications when dealing with the disqualification of an attorney, lest that inquiry lead to a violation of the same confidential relationship sought to be protected, *Tilley v. King*, 190 Ga. 421, 425 (9 SE2d 670) (1940), still, in the absence of any evidence, aside from the bare assertion, that a client may be harmed or prejudiced by the current representation of its former attorney, we cannot agree with the trial court that such an appearance of impropriety exists here to outweigh appellant's interest in being represented by his counsel of choice. Therefore, looking to the full administration of justice, see *Bugg v. Chevron Chemical Co.*, 224 Ga. 809 (165 SE2d 135) (1968), we find the trial court abused its discretion in granting appellee's motion to disqualify appellant's attorney and we reverse the trial court's order.

2. It has not been brought to our attention nor is there any indication in the record before us that appellant's tax assessment claim has been tried and that this appeal has not acted as a supersedeas. Therefore, in view of our issuance of the instant opinion, we do not find it necessary to address appellant's enumerations of error concerning the trial court's ruling which severed the disqualification issue from the tax assessment claim in order to prevent this appeal from acting as a supersedeas on the case-in-chief.

3. Appellant's enumeration that the trial court erred by failing to recuse itself because of alleged ex parte communications made between the court and appellee's counsel is without merit in that no motion to recuse was made and appellant's counsel admitted there was no admissible evidence to support such motion. See *Howard v. Dept. of Human Resources*, 157 Ga. App. 306, 307 (1) (277 SE2d 301) (1981).

4. In the absence of any judgment, ruling or order rendered by the trial court on appellant's motions for summary judgment and for certification of the action as a class action, the issues presented in appellant's remaining enumerations of error are not ripe for review and are not properly before this court. OCGA § 5-6-34.

*Judgment reversed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 13, 1985.

*J. Patrick Ward, Thomas J. Loftiss II*, for appellant.
*Robert Culpepper III*, for appellee.