72712. GUTHRIE v. D. L. CLABORN BUICK/OPEL, INC.
(348 SE2d 523)

DEEN, Presiding Judge.

Following the trial in this case, the jury returned a verdict for the plaintiff/appellant, Charles Guthrie. Subsequently, the appellee, D. L. Claborn Buick/Opel, Inc., moved for judgment notwithstanding the verdict, which was granted by the trial court on June 28, 1985; in that order, the trial court also denied the appellant's motion for costs of a prior appeal in the case. Judgment for the appellee was entered on July 8, 1985. On July 25, 1985, Guthrie filed his "motion to amend order to conform to the evidence or in the alternative, an order vacating the J.N.O.V.," the gist of which was a request that the trial court reconsider its grant of judgment for the appellee notwithstanding the verdict. Except for amending the prior order to award the appellant costs of appeal, the trial court denied that motion on October 2, 1985, and on October 10, 1985, Guthrie filed his notice of appeal, seeking review of the trial court's grant of judgment notwithstanding the verdict. *Held*:

The appellee has moved for dismissal of the appeal, on the basis that the notice of appeal was untimely, thus depriving this court of jurisdiction. We agree.

OCGA § 5-6-38 (a) provides that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." Guthrie's pleading filed on July 25, 1985, was nothing more than a motion to reconsider the grant of judgment notwithstanding the verdict; it would require a fanciful factual feat of legal legerdemain to regard it as a motion to set aside a judgment. A motion to reconsider an appealable judgment does not extend the time for filing a notice of appeal. *Adamson v. Adamson*, 226 Ga. 719 (177 SE2d 241) (1970); *Becker v. Fairman*, 167 Ga. App. 708 (307 SE2d 520) (1983). The appealable judgment in this case was entered

on July 8, 1985, and the notice of appeal, filed on October 10, 1985, obviously was untimely.

*Appeal dismissed. Benham and Beasley, JJ., concur.*

DECIDED JULY 16, 1986 —
REHEARING DENIED JULY 31, 1986

*William A. Wehunt*, for appellant.
*David S. Currie*, for appellee.