75527. CRAWFORD W. LONG MEMORIAL HOSPITAL OF EMORY UNIVERSITY v. YERBY.
(367 SE2d 245)

BENHAM, Judge.

In this medical malpractice case, appellant moved the trial court to disqualify appellee's attorney. The ground of the motion was that appellee's counsel had a conflict of interest because he had represented appellant in numerous medical malpractice actions over the past several years. In the course of that representation, appellant contended, counsel had been given access to confidential information substantially related to the matters in the case at bar. In support of its motion, appellant offered the affidavit of its Executive Assistant Administrator. She averred that she had worked closely with appellee's counsel during his previous representation of appellant, that she had facilitated "his access to all documents and matters which were even tangentially related to the defense of the [previous cases]," and that such "cooperation . . . resulted in his access to information regarding the interworkings of [appellant] which would not have other-

wise been available to him." In another affidavit, appellant's general counsel averred that he, too, had worked closely with appellee's counsel during that attorney's representation of appellant, that they had "had long and detailed discussions . . . regarding the interworkings of the University's medical complex [and that he had] revealed details about the University's medical complex which would not otherwise have been available to [appellee's counsel]."

In response to the motion, appellee filed an affidavit from her attorney in which he averred that he had never been employed by appellant, that he had only represented appellant on a case-by-case basis when assigned to do so by appellant's liability insurance carrier, that he had never engaged in policy making with or for appellant, and that he had reviewed the records of the cases in which he had represented appellant and found no substantial relation between the issues in those cases and the present case. Appellee's counsel's associates also submitted affidavits detailing their former involvement, if any, in representing appellant.

Following appellee's assertion that the present case bears no substantial relation to the previous cases in which her counsel represented appellant, appellant filed an affidavit by its general counsel listing the cases in which appellee's counsel represented appellant. The affidavit included the style of each case and the basic allegations of negligence. The trial court denied the motion and we granted appellant's application for interlocutory appeal.

The burden to be borne by a party seeking disqualification of opposing counsel was set out in *Summerlin v. Johnson*, 176 Ga. App. 336, 338 (335 SE2d 879) (1985): "The party seeking disqualification is not required to point to specific confidences revealed to his attorney that are relevant to the pending case; instead, 'he need only show that the matters embraced within the pending suit are *substantially related* to the matters or cause of action wherein the attorney previously represented him.' [Cits.]" In deciding whether that burden was met in this case, we find instructive two very persuasive federal decisions, *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F2d 1020 (5th Cir. 1981), quoted approvingly in *Summerlin*, supra, and *Jackson v. J. C. Penney Co.*, 521 FSupp. 1032 (N.D. Ga. 1981).

"Although rigidly enforcing the ethical obligation of confidentiality, the courts have seen no need to fashion a rule that prevents an attorney from ever representing an interest adverse to that of a former client. . . . Once the former client proves that the subject matters of the present and prior representations are 'substantially related,' the court will irrebuttably presume that relevant confidential information was disclosed during the former period of representation. . . . However, . . . a catalogue of . . . generalities offers little assistance to a court attempting to ferret out the degree of similarity,

if any, between the former representation and the pending case. . . . Only when the moving party delineates with specificity the subject matters, issues, and causes of action presented in former representation can the . . . court determine if the substantial relationship test has been met. Merely pointing to a superficial resemblance between the present and prior representations will not substitute for the careful comparison demanded by our cases." *Duncan*, supra at 1027-29.

Reviewing the evidence relied upon by appellant, we do not find the degree of specificity advised by *Duncan*. In appellant's listing of the cases in which appellee's attorney had represented it, there is only the general identification of the allegations of negligence, such as noting that one case "involved allegations of negligence resulting from a foreign body left in the patient," another case involved "withholding treatment and medical care from the plaintiff on account of her drug abuse problems," and, most generally, that another case "involved allegations of negligence . . . which resulted in the death of the patient." Nowhere in the record is there undertaken any analysis of relationship between the present case and the prior representations, other than the fact that it is a medical malpractice case and most of the others were, too.

That approach, blanket disqualification of an attorney from a whole category of litigation involving a former client, was disapproved in *Jackson v. J. C. Penney Co.*, supra. There, the attorney for the plaintiff in a products liability suit had previously represented the manufacturer in other products liability cases, and the defendant took much the same position taken by appellant in this case, that the attorney had gained so much information about the defendant and its operations and its methods of defense that it would be prejudiced by his representation of an adverse party. Applying the principles stated in *Duncan*, the court held that "[g]eneral statements of this type, however, do not constitute evidence of a substantial relationship, since the statements could be applied to virtually any law firm that had ever represented [the defendant]." *Jackson v. J. C. Penney Co.*, supra at 1035.

"The rules of disqualification of an attorney will not be mechanically applied; rather, we should look to the facts peculiar to each case in balancing the need to ensure ethical conduct on the part of lawyers appearing before the court and other social interests, which include the litigant's right to freely chosen counsel. [Cit.]" *Stoddard v. Bd. of Tax Assessors*, 173 Ga. App. 467 (1) (326 SE2d 827) (1985). Applying that rule, and considering the lessons available in *Duncan* and *Jackson*, we are unwilling to take the step appellant would urge on us, ruling that an attorney who represents a defendant in a medical malpractice case can never represent a plaintiff against that defendant in a medical malpractice case. The case-by-case analysis which has been

used to the present is an adequate safeguard.

"[I]n the absence of any evidence, aside from the bare assertion, that a client may be harmed or prejudiced by the current representation of its former attorney, we cannot agree . . . that such an appearance of impropriety exists here to outweigh [appellee's] interest in being represented by [her] counsel of choice." *Stoddard*, supra at 469. We find no error in the denial of appellant's motion to disqualify appellee's attorney.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MARCH 4, 1988 —
REHEARING DENIED MARCH 17, 1988 —

*Gerald F. Handley, K. Scott Graham, Sidney F. Wheeler, J. M. Hudgins IV*, for appellant.

*Michael T. Bennett, H. A. Stephens, Jr., Hunter S. Allen, Jr., Thomas S. Carlock, E. Jane Simpson*, for appellee.