## 75373. HARGROVE et al. v. PHILLIPS.
### (368 SE2d 123)

Sognier, Judge.

Jack Hargrove, Ruth Hargrove Adams, James Hargrove and S. A. Hargrove are the defendants in an ongoing civil action regarding the administration of an estate by Mary Phillips. When the attorney representing all four defendants withdrew, Jack Hargrove and Ruth Hargrove Adams retained C. B. King & Associates (King) to represent them. Although it is uncontroverted that King's representation of Jack Hargrove and Ruth Hargrove Adams did not include James Hargrove, nevertheless, King filed a general entry of appearance on behalf of "the Defendants," who were denominated as including not only Jack Hargrove and Ruth Hargrove Adams, but also S. A. Hargrove and James Hargrove. King, as the designated attorney of record for the four, was subsequently served with certain pleadings filed by a third party. Several months later, King sought to withdraw as counsel for James Hargrove due to an alleged conflict of interest but sought to continue representation of the remaining parties. In an order filed March 5, 1987, the trial court ordered King to withdraw as counsel for all parties involved because of King's expressed perception of conflict of interest. Jack Hargrove and Ruth H. Adams moved for reconsideration of the trial court's order on the basis that King had never come into physical or financial contact with James Hargrove nor had James Hargrove ever retained King to represent him. In an order filed May 29, 1987, the trial court affirmed its disqualification of King and pursuant to OCGA § 15-19-9 imposed the mandatory minimum fine of $500 on King, see M & M/Mars v. Jones, 129 Ga. App. 389, 392-393 (8) (199 SE2d 617) (1973), for King's appearance in court on behalf of a person by whom King uncontrovertedly had not been employed. Jack Hargrove and Ruth H. Adams filed their notice of appeal on June 25, 1987 from the trial court's order dated May 29, 1987.

We are unable to address the merits of appellants' first enumeration since the order holding King in contempt under OCGA § 15-19-9 imposed the sanction solely on King, who is not a party to this appeal. See generally *Smith v. Gwinnett County*, 182 Ga. App. 875 (357 SE2d 316) (1987). "'A party not aggrieved by the judgment of the trial court is without legal right to except thereto, since he has no just cause of complaint.' [Cits.]" *Cooper Motor Lines v. B. C. Truck Lines*, 215 Ga. 195 (1) (109 SE2d 689) (1959). The only enumeration asserted by appellants personal to them contends error in the trial court's order requiring King to withdraw from the representation of any of the parties involved. However, this order was entered March 5, 1987 and appellants' notice of appeal was not filed until June 25, 1987. Appellants' motion for reconsideration was not one of the three statutory motions that extend the time for filing a notice of appeal, OCGA § 5-6-38; *Guthrie v. D. L. Claborn Buick/Opel*, 180 Ga. App. 128 (348 SE2d 523) (1986), so it follows that this appeal is untimely and must be dismissed.

*Appeal dismissed. Birdsong, C. J., concurs. Banke, P. J., Carley, and Beasley, JJ., concur specially. Deen, P. J., McMurray, P. J., Pope, and Benham, JJ., dissent.*

BEASLEY, Judge, concurring specially.

I agree but concur specially because the appeal suffers from another threshold infirmity which ought to be noticed so as not allow the implication that the order was directly appealable. The order appealed from, whether it be in law the order of March 5 or that of May 29, is not a final order from which a direct appeal will lie. OCGA § 5-6-34 (a). The procedure provided in subsection (b) was not followed here. Nor has it been shown that the certificate and application avenue for interlocutory appeals inadequately protects the right of parties to review of a decision affecting their choice of counsel. To point in this case, the trial judge's careful and lengthy consideration of the question, twice, bears witness to that court's recognition of the magnitude of the ruling.

I am authorized to state that Presiding Judge Banke and Judge Carley join in this special concurrence.

McMURRAY, Presiding Judge, dissenting.

On March 5, 1987, the trial court entered an order in which appellants' counsel was disqualified and appellants were ordered to obtain new counsel if they so desired. The order was issued by the court sua sponte without a hearing. Appellants moved for reconsideration and a hearing was held upon the disqualification issue. Thereafter, on May 29, 1987, the trial court issued a lengthy (15 page) order in which it made findings of fact and conclusions of law based, in part, upon

the evidence adduced at the hearing. In its order, the trial court again ruled that appellants' counsel was disqualified and that appellants should obtain new counsel. A ruling upon the motion for reconsideration, however, was not made. The trial court stated that appellants' present counsel was to be "withdrawn by *this* order and judgment." (Emphasis supplied.) The trial court also advised appellants that the burden was upon them to keep the court apprised of their mailing addresses; that the burden was upon them to prepare for trial; and that they could suffer adverse consequences if they failed to heed the trial court's instructions. Finally, the trial court imposed a fine upon appellants' counsel pursuant to OCGA § 15-19-9. Appellants appealed from the May 29, 1987, order on June 25, 1987.

In my view, the appeal is not from an order denying a motion for reconsideration. Rather, it is a timely appeal from a *substantive* order in which the merits of the issue on appeal were decided. Compare *Morton v. Morton*, 163 Ga. App. 830 (296 SE2d 362), with *Gordon v. Weldon*, 154 Ga. App. 531 (268 SE2d 796). Accordingly, we can and should consider appellants' appeal.

It could be argued that an order disqualifying counsel is not final and that, therefore, it is not directly appealable. See OCGA § 5-6-34 (a) (1). See 5 ALR4th 1251-1265 as to appealability and nonappealability in other jurisdictions. In *Stoddard v. Bd. of Tax Assessors*, 173 Ga. App. 467 (326 SE2d 827), the trial court granted a motion to disqualify counsel and we granted an interlocutory appeal. In that case, however, we did not directly rule upon the appropriate appellate procedure.

I am of the opinion that an order disqualifying counsel is appealable directly. A disqualifying order necessarily impinges upon a party's legitimate right to employ counsel of his choice. And such an order can cause irreparable and immeasurable harm if an appeal must await the entry of final judgment. See generally *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827). If appellants are denied their choice of counsel "at this stage, a situation is created which cannot be completely rectified. If [appellants] should lose on the merits, [they] would have an almost insurmountable burden to show [their] loss was due to the change of counsel. If [they] should prevail on the merits, the disqualified attorney has no remedy for his loss of reputation and fees." *Skahan v. Powell*, 653 P2d 1192, 1195 (Kan. App. 1982). See also *Russell v. Mercy Hosp.*, 472 NE2d 695 (Ohio 1984).

In sum, appellants' appeal was not untimely filed and it is appealable directly. Accordingly, I respectfully dissent from the judgment of dismissal.

I am authorized to state that Presiding Judge Deen, Judge Pope and Judge Benham join in this dissent.

BENHAM, Judge, dissenting.

Being unable to agree with either the majority opinion or the special concurrence, I must not only join Presiding Judge McMurray in his dissent, but must also register my own. While I agree with Presiding Judge McMurray that an order which deprives a litigant of his chosen counsel is of such a material nature as to require a direct rather than a discretionary appeal, I am compelled to file a separate dissent raising certain procedural questions of grave concern to me.

Because of the unusual course of events in this case, I see a need to set out a detailed statement of facts in my dissent. Jack Hargrove, Jr., Ruth Hargrove Adams, Sherrilyn Ann Hargrove, and James R. Hargrove retained the law firm of Bowles & Bowles to represent them in matters pertaining to the estate of Jack Hargrove, Jr. For reasons not contained in the record, the Bowles firm withdrew from representation, and two family members, Jack Hargrove, Jr., and Ruth Hargrove Adams, consulted the firm of C. B. King & Associates for representation. Pursuant to that contact, C. B. King & Associates filed on November 16, 1986, the following appearance in the Superior Court of Randolph County:

## "ENTRY OF APPEARANCE

"NOW COMES undersigned counsel pursuant to U.S.C.R., Rule 4.2 and 4.6, to notify this Honorable Court of his retention and entry of record in the above-entitled matter, on behalf of the Defendants."

After receiving several documents pertaining to the case, the King firm on February 27, 1987, notified James Hargrove, Jr. and the court that it was withdrawing from representation of James Hargrove, Jr., because of a possible conflict of interest. On March 4, 1987, Judge Lowrey S. Stone of the Pataula Judicial Circuit, sua sponte, issued an order barring the King firm from representing any of the defendants, Jack Hargrove, Jr., Ruth Hargrove Adams, Sherrilyn Ann Hargrove, and James R. Hargrove.

Immediately after receiving the court order of disqualification, the King firm filed a motion for reconsideration, with affidavits attached, on behalf of Jack Hargrove, Jr. and Ruth Hargrove Adams. The trial court for the first time held a hearing on the motion for reconsideration as to the disqualification issue. At that hearing attorney C. B. King, Jack Hargrove, Jr., Ruth Hargrove Adams and James R. Hargrove testified. Although the testimony was *equivocal* as to whom the King firm represented at the time it filed the "notice of appearance," James Hargrove testified that he had no objection to the King firm representing Jack Hargrove, Jr. and Ruth Hargrove Adams, and Jack Hargrove, Jr. and Ruth Hargrove Adams testified that they desired for the King firm to represent them. Evidence adduced from

the King firm at the hearing showed that the firm was attempting to maintain the status quo by filing the appearance. The court took the matter under consideration and on May 29, 1987 issued another order confirming the disqualification of March 4, 1987 and, in addition, sua sponte held attorney King in contempt for filing the appearance on behalf of all the defendants in November 1986 and imposed a $500 fine pursuant to OCGA § 15-19-9. The King firm filed a notice of appeal from the May 29, 1987 order on behalf of Jack Hargrove, Jr. and Ruth Hargrove Adams.

Appellants enumerate as error (1) the trial court's sua sponte order barring the King firm from representing any of the defendants and (2) the court's sua sponte order holding C. B. King in contempt and imposing the maximum fine of $500.

In dismissing the appeal, the majority relies on *Smith v. Gwinnett County*, 182 Ga. App. 875 (357 SE2d 316) (1987), which states in essence that only the real party in interest can bring an action. Judge Beasley bases her special concurrence on the failure to file an interlocutory appeal since the order lacked the finality requirements of OCGA § 5-6-34. I dissent also to call attention to OCGA § 9-11-17 (a), which sets out the role of the real party in interest: "Every action shall be prosecuted in the name of the real party in interest . . . [No] action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

Since the injured party in the contempt finding was the attorney, the direct appeal should have been brought in his name and not the name of the parties to the main lawsuit. Therefore, under the authority of *S. D. H. Co. v. Stewart*, 135 Ga. App. 505 (218 SE2d 268) (1975), which interprets OCGA § 9-11-17 (a), I would remand the case to the trial court with direction that the attorney be allowed under OCGA § 9-11-21 to join the appeal so that the matters of vital interest to all parties can be considered. Said joinder would be permitted within 20 days of receipt of the remittitur and further appellate rights would be preserved.

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray, and Judge Pope join in this dissent.

DECIDED MARCH 7, 1988 —
REHEARING DISMISSED MARCH 24, 1988.

*Carl A. Bryant*, for appellants.
*James E. Friese, David A. Kendrick*, for appellee.