### A94A2687. JOHNSTON v. ADERHOLD.
(455 SE2d 84)

SMITH, Judge.

James Johnston filed a pro se action against Thomas Aderhold. Johnston and Aderhold, along with Ron Jordan, had been shareholders in a failed corporation, Atlanta Sash & Door, Inc. (ASD). Johnston, an attorney, sought a declaration that an indemnity agreement he executed is void because of Aderhold's alleged fraud and self-dealing as chief financial officer of the failed corporation. Johnston also sought damages resulting from Aderhold's alleged fraud in connection with a promissory note Aderhold executed to pay off certain liabilities of the corporation. Aderhold moved the trial court to disqualify Johnston from representing himself, alleging that Johnston had previously represented Aderhold in defending similar allegations made by Jordan in a suit against the corporation. Aderhold alleged that in the course of that prior representation he revealed confidential information to Johnston, and that in representing himself in this action, Johnston breached the canons of professional ethics and the disciplinary rules of the State Bar. The trial court granted Aderhold's motion to disqualify Johnston and certified the order for immediate review. We granted Johnston's application for interlocutory appeal.

1. Johnston first contends the trial court erroneously disqualified him from representing himself because his right to do so is express and unequivocal under Art. I, Sec. I, Par. XII of the Ga. Const. of 1983. We agree.

Art. I, Sec. I, Par. XII of the Ga. Const. of 1983 provides: "No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." This language is plain and unambiguous. Case law has also construed this provision as having been primarily intended to guarantee the right of self-representation. See *Dobbins v. Dobbins*, 234 Ga. 347 (216 SE2d 102) (1975).

The constitutional provision in issue formerly provided that no person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this state "in person, by attorney, or

both." Ga. Const. of 1976, Art. I, Sec. I, Par. IX. We cannot agree with Aderhold's argument that the omission of the phrase "or both" from the 1983 version means that *either* form of representation is sufficient to satisfy the constitution and that Johnston in this case must be represented by an attorney.

In *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 405-406 (3) (359 SE2d 904) (1987), the Supreme Court upheld an attorney's right to represent himself at trial in the face of allegations of conflict of interest. Affirming the trial court's disqualification of the attorney from representing another party, the Supreme Court nevertheless reversed that portion of the trial court's order disqualifying the attorney from representing himself, basing its holding on the Georgia constitutional provision guaranteeing the right of self-representation in our courts.

The attorney/party in *Cherry* was also represented by other counsel. The Supreme Court held that the attorney's rights under the constitutional provision may be limited in order to preserve the trial court's power to control the litigation: if the attorney/client and his counsel are unable to "speak with one voice" the trial court may appoint a single lead counsel. However, the right to self-representation does not "evaporate [even] when an attorney is hired." Id. at 406 (3).[1]

Here, there is less factual basis for disqualification than in *Cherry*. Johnston has not hired other counsel. Instead, he has chosen to stand on his constitutionally guaranteed right to appear pro se, and he should be permitted to do so.

It is true, as pointed out by Aderhold, that no right guaranteed by the Constitution is absolute. The rights of the individual "must be adjusted to the rights of others." *Durham v. State*, 219 Ga. 830, 835-836 (136 SE2d 322) (1964). Nonetheless, we are aware of no right of Aderhold's that would require "adjustment" of Johnston's right to represent himself, nor do we perceive any harm to Aderhold that would be cured by forcing him to retain counsel in this case. If Johnston were to retain counsel, he presumably would disclose to counsel his knowledge of these matters in order that counsel be able to represent him properly. Moreover, disqualification would not prevent Johnston from testifying as a party to the alleged confidential matters. Aderhold's concern that Johnston's attempt to represent himself "would unfairly hinder [Aderhold's] right to a fair trial" because he "would want to object to each attempt at disclosure of attorney/client confidences" could fairly be addressed by evidentiary rulings at trial.

2. We are unpersuaded as well that the Rules of the State Bar of

---

[1] This is contrary to the rule for non-attorneys. Because the risk is significantly higher that lay persons representing themselves will disrupt the proceedings, they do not have the right to be represented by counsel and also represent themselves. *Seagraves v. State*, 259 Ga. 36, 38-39 (376 SE2d 670) (1989).

Georgia should be applied to Johnston when he is acting not as an attorney but as a party to the litigation. The Rules provide that the State Bar is authorized "to maintain and enforce . . . in rules . . . standards of conduct to be observed by [its] members . . . and those authorized to practice law in the State of Georgia and to punish the violation thereof." State Bar Rule 4-101. The standards of conduct are set forth in Rule 4-102. Standard 69 provides, in pertinent part, that "[a] lawyer shall not represent a client whose interests are adverse to the interests of a former client of the lawyer in any matter substantially related to the matter in which the lawyer represented the former client unless he has obtained written consent of the former client after full disclosure."

The conflict between this prohibition and Art. I, Sec. I, Par. XII of the Constitution under circumstances such as these, when a member of the bar is acting as a party to litigation, rather than as an attorney, has never been squarely addressed by our courts. It is not surprising, therefore, that none of the cases cited by Aderhold in support of his position is directly on point. We note that no question exists that an attorney may be disqualified from exercising the licensed privilege of representing others in a particular proceeding. *Crawford W. Long Mem. Hosp. &c. v. Yerby*, 258 Ga. 720, 722 (373 SE2d 749) (1988), cited by the trial court in support of its disqualification order, involved such a situation. This case presents a more difficult issue: whether a citizen of this state may be prevented from exercising his constitutionally guaranteed right to represent *himself* because he is also an attorney who has provided representation in the past to an opposing party. We conclude that, at least under the circumstances presented here, he may not.

Although we have found no Georgia cases on this precise issue, our research has revealed cases from other jurisdictions reversing orders disqualifying attorneys from representing themselves or from participating in varying degrees in the trial of actions in which they are parties, based on similar state constitutional or statutory authority. See, e.g., *State v. Bates*, 577 NE2d 347 (Ohio 1991) (reversing order requiring attorney/parties to retain counsel in reliance on previous Ohio decision, *Svoboda v. City of Brunswick*, 453 NE2d 648, 649-650 (Ohio 1983), which held that prohibition against practice of law by lay persons does not prevent lay persons from representing themselves); *Ayres v. Canales*, 790 SW2d 554 (Texas 1990) (reversing trial court's order prohibiting attorney/party and his firm from verbally participating in trial concerning whether referral fee owed opposing attorney/party); *Walker & Bailey v. We Try Harder*, 506 NYS2d 163 (N.Y.A.D. 1986) (reversing trial court's order disqualifying attorney/parties from acting as trial counsel).

Common to several of these cases is the principle that although

rules of professional conduct preclude attorneys from engaging in certain behavior considered unethical when they are exercising their privilege of representing others, such prohibitions do not necessarily apply when attorneys exercise their right, either statutory or constitutional, to represent themselves as parties to litigation. See, e.g., *Ayres*, supra; *Walker & Bailey*, supra at 164.[2] We agree with that principle and find it applicable to the facts in this case. This is also in harmony with the established practice of our courts of weighing each case on its particular set of facts. "The rules of disqualification of an attorney will not be mechanically applied; rather, we should look to the facts peculiar to each case in balancing the need to ensure ethical conduct on the part of lawyers appearing before the court and other social interests, which include the litigant's right to freely chosen counsel. [Cit.]" *Stoddard v. Bd. of Tax Assessors*, 173 Ga. App. 467, 468 (1) (326 SE2d 827) (1985).

Looking both to the plain meaning of the constitutional provision and the social interests involved here, we conclude that the trial court abused its discretion in disqualifying Johnston. The disqualification must be reversed.

*Judgment reversed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED MARCH 6, 1995 — 

*Morris, Manning & Martin, Warren W. Wills, Jr.,* for appellant.
*Cofer, Beauchamp & Butler, Frank R. Seigel,* for appellee.

---

[2] In fact, the State Bar of Texas has apparently recently adopted new Disciplinary Rules of Professional Conduct that exempt lawyers from the application of certain rules that would otherwise disqualify them from litigation if they are parties to the action and appear pro se. See *Ayres*, supra at 556.