A97A2012. LASSITER PROPERTIES, INC. v. DAVIDSON MINERAL PROPERTIES, INC.

(495 SE2d 663)

BIRDSONG, Presiding Judge.

Lassiter Properties, Inc. ("Lassiter"), appeals from the trial court's order disqualifying its counsel. *Held*:

Defendant Davidson Mineral Properties, Inc. ("Davidson Mineral"), filed a "motion for hearing and imposition of sanctions" in the above styled case in order to determine whether there had been improper contact by plaintiff Lassiter, or its counsel with persons known by them to have an adverse interest and to be represented by counsel. As applied to Lassiter's counsel, DR 7-104 (A) (1) of the Code of Professional Responsibility provides that "[d]uring the course of his representation of a client a lawyer shall not . . . communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so."

The trial court found that Lassiter's counsel helped Lassiter prepare a letter sent to defendant which was critical of defendant's attorneys and which sought to convince defendant to settle its dispute with Lassiter pro se. The trial court likewise found that plaintiff's counsel sought to circumvent the ethical prohibition against communicating with a represented opposing client by doing indirectly through his client what he was expressly forbidden to do directly under DR 7-104 (A) (1), supra. See generally *Clos v. Pugia*, 204 Ga. App. 843 (420 SE2d 774) (1992). Based on these findings, the trial court disqualified Lassiter's counsel. Lassiter thereafter filed both a notice of appeal and a "protective" application for interlocutory

appeal from the disqualification order. Lassiter's interlocutory application no. A97I0317 was denied by this Court by order issued on May 15, 1997. Lassiter's direct appeal was docketed in this Court on May 28, 1997.

The appellee has filed a motion to dismiss Lassiter's direct appeal because it is from a non-final order. The orthodox view regarding the appealability of a disqualification order is stated in *Ewing Holding Corp. v. Egan-Stanley Investments*, 154 Ga. App. 493, 495-496 (1) (268 SE2d 733) (1980). There it was held that an order disqualifying counsel is interlocutory and a direct appeal from such an order must be dismissed due to appellant's failure to follow the required procedure for bringing an interlocutory appeal. OCGA § 5-6-34 (b). This view was expressly adopted by the Supreme Court in *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987), in which it was held that since a disqualification order is interlocutory, a notice of appeal from such an order does not act as a supersedeas unless the interlocutory appeal procedure has been followed.

Lassiter cites *Stevens v. Thomas*, 257 Ga. 645 (361 SE2d 800) (1987) as authority for the proposition that it is entitled to file a direct appeal from the order disqualifying its counsel for violation of disciplinary rules. In *Stevens*, a unanimous Supreme Court refused to address an order disqualifying counsel because the order was directly appealable at the time it was entered and the order actually appealed from was entered long after the preceding disqualification order. However, we note that the Supreme Court reached its conclusion without citation of supporting authority and without reference to its earlier opinion in *Cherry*, which was issued less than two months earlier during the same term of court. Moreover, the disqualified attorney in *Stevens* filed an appeal in his own name, which was consolidated with the related appeal filed by the defendants. The disqualified attorney in the present case has not likewise appealed in his own name. We also note that the disqualification order in *Stevens* sanctioned both attorney Stevens and the defendants by assessing attorney fees against them in an amount to be determined at a later date. No similar sanction was imposed against Lassiter in the present case. Finally, we find it significant that the disqualification issue in *Stevens* was not raised by appellants at the first possible opportunity on direct appeal even if the Supreme Court had treated the disqualification order as interlocutory in nature. See *Brown v. Thomas*, 257 Ga. 68 (354 SE2d 830) (1987) (appeal from contempt order entered against the defendants which discusses the same disqualification order at issue in *Stevens*). It was therefore all but a foregone conclusion that the Supreme Court would not address in *Stevens* the disqualification order it had previously discussed in *Brown* (at least

as applied to the Brown defendants), regardless of the analysis employed. Given the many distinctions between *Stevens* and the present case and given the lack of jurisdictional analysis therein to guide the bench and bar in future cases, we reject Lassiter's argument that the order complained of must necessarily be treated as directly appealable based on *Stevens* alone. Another case cited by Lassiter, *State v. Evans*, 187 Ga. App. 649 (371 SE2d 432) (1988), overruled on other grounds, *State v. Smith*, 268 Ga. 75, 76 at note 7 (485 SE2d 491) (1997), is likewise distinguishable since its rationale is based on the ramifications of the disqualification order as applied to the disqualified attorney (the county solicitor) personally and not as applied to the State itself.

In *Hargrove v. Phillips*, 186 Ga. App. 525 (368 SE2d 123) (1988), the main opinion at least suggests that a disqualification order is directly appealable and expressly states that such an order is "personal to" the clients of the disqualified attorney, but held that the appeal as to that order was untimely. Accord *Stevens v. Thomas*, supra. But a concurring opinion rejects the implication that an order disqualifying counsel is, or should be, directly appealable. The four dissenters in *Hargrove* argue that a disqualification order should be directly appealable both by the disqualified attorney and his or her client(s). The dissenters disagreed with the majority that the post-disqualification judgment from which the appeal was taken was in effect a contempt order entered on motion for reconsideration that affected only the disqualified attorney's interests and not the appellants' interests. However, since it appears a majority in *Hargrove* agreed that the appellants lacked standing to appeal the contempt order entered against the disqualified attorney (who did not appeal), we do not read *Hargrove* as necessarily overruling sub silentio this Court's holding in *Ewing Holding Corp.*, supra.

In light of the foregoing, we conclude that even if this Court were inclined to revisit the question of whether disqualification orders should be directly appealable, it appears the issue is now controlled by *Cherry v. Coast House, Ltd.*, supra, which appears to be the latest definitive statement by the Supreme Court on the issue. But see *Stevens v. Thomas*, supra. It is therefore not within this Court's discretion to consider the disqualification of Lassiter's counsel by direct appeal at this time. Accordingly, appellee's motion is granted and Lassiter's appeal is hereby dismissed as premature.

*Appeal dismissed. Ruffin and Eldridge, JJ., concur.*

DECIDED JANUARY 16, 1998.

*John C. Butters*, for appellant.

*Phears & Moldovan, H. Wayne Phears, Richard E. Harris, Schreeder, Wheeler & Flint, David H. Flint*, for appellee.