### A02A2348. RICE et al. v. LIGHTMAS et al.
#### (577 SE2d 2)

Ellington, Judge.

Mark and Kathy Rice filed this action pro se against attorney Frank Lightmas, Jr. and Lightmas & Delk, P.A. (collectively "Lightmas"), asserting claims for breach of fiduciary responsibility, fraud, negligence, and breach of contract. The Rices alleged Lightmas committed these torts and breaches of contract in connection with Lightmas's participation in the Rices' federal suit against Avon Products, Inc. Mark Rice ("Rice") appeals the trial court's order which granted Lightmas's motion to "disqualify" Rice and to remove Rice's name from the style of the case. For the following reasons, we reverse.

1. Rice contends the trial court's finding that Rice is not an attorney did not support the relief granted. We agree.

In his motion to disqualify Rice and to remove Rice's name from the style, Lightmas argued Rice was engaged in the unauthorized practice of law on behalf of his wife. As Lightmas correctly argued, only a person who is a duly licensed attorney may enter an appearance and file pleadings on behalf of another person who is a party to litigation. *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 806 (2) (485 SE2d 22) (1997) (representation of corporations). See also OCGA § 15-19-51 (a) (unauthorized practice of law).[1] Pleadings signed and filed by a nonattorney on another person's behalf may be stricken. See *Temp-N-Around Med. Resources v. Avondale Joint Venture*, 248 Ga. App. 231, 232 (1) (546 SE2d 23) (2001) (corporation was in default after nonattorney filed answer on its behalf). Furthermore, a

---

[1] OCGA § 15-19-51 (a) provides in pertinent part: "It shall be unlawful for any person other than a duly licensed attorney at law: [t]o practice or appear as an attorney at law for any person other than himself in any court of this state . . . ; [t]o render or furnish legal services or advice; . . . [or] [t]o render legal services of any kind in actions or proceedings of any nature." See *Huber v. State*, 234 Ga. 357, 358 (216 SE2d 73) (1975) ("a court appearance lies at the very heart of every reasonable and commonly accepted definition of the practice of law as it has been and is now carried on by the legal profession in Georgia"); OCGA § 9-11-11 (a) (every pleading shall be signed by a party's attorney, if the party is represented by an attorney, or by the party, if the party is proceeding pro se).

nonattorney who engages in the unauthorized practice of law may be enjoined from the conduct and may be prosecuted for a misdemeanor violation. OCGA §§ 15-19-56; 15-19-57; 15-19-58. See *Huber v. State*, 234 Ga. 357, 360 (216 SE2d 73) (1975) (recognizing predecessor to OCGA § 15-19-56 as valid criminal penalty).

Pretermitting whether Rice attempted to appear as his wife's attorney,[2] however, the relief the trial court granted, that is, striking Rice's name as a plaintiff from the case style, was not available to punish Rice for the unauthorized practice of law. The trial court did not enjoin or "disqualify" Rice from representing his *wife*, nor did it dismiss the complaint *as to her*. Rather, the trial court granted Lightmas's request that Rice's name be struck from the case style, in effect dismissing the complaint to the extent it asserted claims on Rice's *own* behalf.

A litigant, however, may not be "disqualified" or prohibited from exercising his constitutional right to represent himself pro se. *Johnston v. Aderhold*, 216 Ga. App. 487, 488 (1) (455 SE2d 84) (1995). Every person in Georgia has a constitutional right of unfettered access to the courts and a constitutional right to appear pro se and represent himself. Ga. Const. 1983, Art. I, Sec. I, Par. I ("No person shall be deprived of life, liberty, or property except by due process of law."); Art. I, Sec. I, Par. XII ("No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state."). We must conclude, therefore, that the trial court violated Rice's state constitutional rights when it "disqualified" him from representing himself based on its finding that Rice is not an attorney. *Johnston v. Aderhold*, 216 Ga. App. at 488 (1).

2. Rice contends the trial court's finding that Rice did not have a contract with Avon did not support the relief granted. We agree. In its order, the trial court found, "Mark Rice did not have a contract with Avon. . . . As a result, Mark Rice has no cause of action against Lightmas and no right to appear *pro se* before this Court."

We do not address whether Rice's asserted claims against Lightmas may be deficient and subject to dismissal on the pleadings or summary judgment, pursuant to procedures which were not followed here.[3] In ruling Rice had no right to appear pro se based on its finding that Rice's claims lack merit, however, the trial court denied

---

[2] We note that, although Rice alone signed a motion to compel discovery, the record as a whole does not show that Rice legally represented his wife by appearing in this litigation on her behalf. Rice and his wife both signed a complaint as pro se plaintiffs and both signed a brief opposing the motion to disqualify and a motion to stay proceedings.

[3] See OCGA §§ 9-11-7 (b); 9-11-12 (c); 9-11-56 (c); Uniform Superior Court Rules 6.5, 6.6.

Rice's constitutional rights of access to the courts and self-representation. *Johnston v. Aderhold,* 216 Ga. App. at 488 (1).

*Judgment reversed. Smith, C. J., and Eldridge, J., concur.*

DECIDED JANUARY 9, 2003 —
RECONSIDERATION DENIED JANUARY 30, 2003 —

Mark Rice, *pro se.*
Kathy Rice, *pro se.*
*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Robert S. Huestis,* for appellees.