# Court of Appeals
# of the State of Georgia

ATLANTA,    April 03, 2015

*The Court of Appeals hereby passes the following order:*

**A15E0025. TMX FINANCE HOLDINGS, INC. et al. v. DRUMMOND FINANCIAL SERVICES, LLC et al.**

TMX Finance Holdings, Inc., and the other defendants below (collectively, "TMX"), have moved pursuant to our Rule 40 (b) for (i) an emergency stay of all proceedings in the trial court pending appeal, or, in the alternative, (ii) a stay of the trial court's February 26, 2015, order disqualifying TMX's trial counsel (the "Disqualification Order") and the trial court's March 30, 2015 order requiring that TMX identify substitute counsel by April 3, 2015. This Court may, under our Rule 40 (b), issue such orders as may be necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot.

On March 30, 2015, this Court granted TMX's application for an interlocutory appeal from the Disqualification Order, and TMX filed a notice of appeal in the trial court on March 31, 2015. TMX represents that the trial court entered its March 30, 2015 order following a hearing in which neither the trial court, nor the parties, were aware that this Court had granted the interlocutory application. TMX also represents that it has filed an emergency motion in the trial court seeking a stay of the underlying litigation pending its appeal, but that the trial court has not yet ruled on that motion.

As it has complied with the interlocutory appeal procedure, TMX's notice of appeal serves as supersedeas of the Disqualification Order. See OCGA §§ 5-6-34 (b), 5-6-46. See *Lassiter Props. v. Davidson Mineral Props.*, 230 Ga. App. 216, 217 (495 SE2d 663) (1998) ("[A] notice of appeal from [a disqualification order] does not act as a supersedeas *unless* the interlocutory appeal procedure has been followed.")

(emphasis supplied). The trial court's March 30, 2015, order requires that TMX identify its substitute counsel, whereupon several pending motions would be set for hearing. As such, the order enforces the Disqualification Order and is also superseded by TMX's notice of appeal. See *Cherry v. Coast House*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987) ("Because of the effect of the supersedeas the trial court loses all jurisdiction as to matters contained within the appeal.") (citation omitted). And by TMX's representation, the March 30, 2015 order has not been stayed by the trial court. TMX's motion to stay the Disqualification Order and the March 30, 2015 order pending appeal is GRANTED.

TMX does not show, however, that we should grant, under authority of our Rule 40 (b), its motion to stay the proceedings below pending the appeal. To that extent, TMX's motion is DENIED. Per TMX's representation, the issue of a stay of proceedings remains pending before the trial court, and TMX does not show that a grant of its motion to stay the underlying litigation is necessary to preserve our jurisdiction over its appeal or to prevent the contested issue from becoming moot.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*___04/03/2015___
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ , *Clerk.*