44586, 44621. CHERRY v. COAST HOUSE, LTD. (two cases).
44587, 44588, 44624. ROLLESTON v. COAST HOUSE, LTD.
(three cases).
44622, 44623. COAST HOUSE, LTD. v. CHERRY (two cases).
(359 SE2d 904)

CLARKE, Presiding Justice.

Appellant Rolleston appeals from two orders of the trial court disqualifying him from representing Mrs. Cherry and representing himself. The orders appealed from were filed December 2 and December 16, 1986. The second order was entered pursuant to a motion of appellees for clarification.

1. Rolleston complains that both orders are a nullity because he was not permitted to orally argue appellees' motions pursuant to Uniform Superior Court Rule 6.3. Prior to its 1987 amendment, Uniform Superior Court Rule 6.3 provided that all motions in civil actions except motions for new trial and for judgment notwithstanding the verdict would be decided without oral argument. However, the rule pro-

vided that argument would be permitted upon written request. Rolleston also insists that he was entitled under Uniform Superior Court Rule 6.2 to thirty days to answer the motion for clarification which resulted in the order of December 16.

The motion for clarification which resulted in the order of December 16, 1987, was filed after Rolleston had sought and obtained from another judge in Fulton County Superior Court an ex parte temporary restraining order prohibiting appellees from communicating with Mrs. Cherry. Appellees contend that this order was obtained without any notice to appellees' attorneys. This restraining order was vacated as "inadvertently" entered after this judge learned of the December 2 order disqualifying Mr. Rolleston from representing Mrs. Cherry.

In regard to the request for oral argument on the motion to disqualify which resulted in the December 2 order, Rolleston requested oral argument as follows: "In accordance with Rule 6.3 of the Uniform Superior Court Rules, oral argument is requested unless the Court decides to deny the motions of Coast House and Sandease." To meet the mandate of the previous Rule 6.3 a request for oral argument must have been unconditional. Such was not the case here. There is no request for argument in the record in regard to the motion for clarification which resulted in the order of December 16. Similarly, a response to a motion for clarification would not assist the court.

2. On December 4, 1986, Rolleston and Mrs. Cherry each signed pro se a notice of appeal from the order of December 2. Rolleston contends that this notice of appeal acted as a supersedeas as to the disqualification of Rolleston to represent Mrs. Cherry. He insists that this supersedeas is an additional reason why the order of December 16 was a nullity. OCGA § 5-6-46 provides that a notice of appeal serves as a supersedeas in civil cases upon payment of all costs in the trial court by the appellant. Because of the effect of the supersedeas the trial court loses all jurisdiction as to matters contained within the appeal. *Cohran v. Carlin*, 249 Ga. 510 (291 SE2d 538) (1982). However, when the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for interlocutory appeal is followed. In that event, the trial court is not deprived of jurisdiction to proceed with the case. *Carter v. Data General Corp.*, 162 Ga. App. 379 (291 SE2d 99) (1982). Because the order disqualifying Mrs. Cherry's attorney was an interlocutory order, the trial court did not lose jurisdiction with the filing of the notice of appeal. *Ewing Holding Corp. v. Egan-Stanley Investments*, 154 Ga. App. 493 (268 SE2d 733) (1980). Therefore, the trial court had jurisdiction to enter the order of December 16.

The order of December 2 was an interlocutory order, as was the order of December 16, at least insofar as that later order related to

the representation of Mrs. Cherry. The notices of appeal relating to these orders were filed prior to the orders in any of the related cases. Ordinarily, an application for interlocutory appeal would be required. However, construing these orders in light of our holding in *Southeast Ceramics, Inc. v. Klem,* 246 Ga. 294, 295 (271 SE2d 199) (1980) that ". . . when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court[,]" we find that judicial economy will be served by consideration of the appeals from these orders in conjunction with appeals from other rulings in the case before us.

3. Having determined that the orders in question are properly before us, we proceed to address the substantive issues raised. The first issue is whether the trial court erred in disqualifying Rolleston from the representation of Mrs. Cherry. As we held in *Blumenfield v. Borenstein,* 247 Ga. 406, 408 (276 SE2d 607) (1981), "the right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution." In this case Rolleston is not only the attorney for Mrs. Cherry but is a party due to various claims of tortious interference with appellees' contract with Mrs. Cherry and due to claims which have been raised under *Yost v. Torok,* 256 Ga. 92 (344 SE2d 414) (1986). Serious possibilities for conflict of interest are present when the attorney is also a party in the case. Canon 5, EC 5-1, and DR 5-101, Code of Professional Responsibility of the State Bar of Georgia (hereinafter State Bar Rules), all bear on the problem of the lawyer whose personal interests pose a potential conflict with the interests of the client. The virtual certainty that Rolleston will be called upon to testify not only as a witness for himself because of his position as a party but also as a witness on behalf of Mrs. Cherry because he was present without his client at the closing which is at the heart of this case brings EC 5-9, 5-10, and DR 5-102 of the State Bar Rules into play. In *Healthcrest, Inc. v. American Medical Intl., Inc. (AMI),* 605 FSupp. 1507 (N.D. Ga. 1985), the court interpreted these rules and found that the court should ". . . balance the harm caused to the plaintiff and the judicial system by the plaintiff being precluded from calling his attorneys to the stand with the plaintiff's right to the counsel of its choice." Id. at 1511. Finding that the testimony of the attorneys was crucial to the case, the court ruled that the attorneys must be disqualified. The situation here is very similar. The trial court did not err in disqualifying Rolleston from representing Mrs. Cherry.

The disqualification of Rolleston to represent himself presents a problem with constitutional overtones. The Constitution of Georgia 1976, Art. I, Sec. I. Par. IX provided that no person could be deprived of the right to counsel, or to represent himself, or both. The Constitu-

tion of Georgia 1983, Art. I, Sec. I, Par. XII now provides that "No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." The question to be answered is whether a person must be forced to choose between representing himself and being represented by counsel under the change which has occurred in the Constitution.

We find that the right to represent oneself does not evaporate when an attorney is hired. However, the court must have some mechanism for assuring that the possible conflicts which may arise between the client and his counsel do not disrupt the proceedings before it. OCGA § 15-19-10 provides some guidance, although it addresses the problem of disputes between counsel as to the direction of a case. The section requires that if a dispute arises when the client is not present, the court shall hear all the facts and give preference to leading counsel, defined as the counsel upon whom the client relies more than any other. We hold that the court erred in barring Rolleston from representing himself because an appearance had been made for him by other attorneys. However, we find that the court is not required to accept random appearance and filings by both the client and his attorneys. The court has the power "[t]o control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto . . . ." OCGA § 15-1-3 (4). The power to insure the orderly disposition of matters before it is within the general powers of every court. If Rolleston and his attorneys are unable to coordinate their efforts so that they speak with one voice, the court is empowered to appoint a leading counsel who shall be the spokesperson.

4. The remaining cases are appeals and cross-appeals involving the grant and denial of various motions for summary judgment and an appeal from the denial of a motion to disqualify the trial judge. Upon review, we find no error in the disposition of appeals 44588, 44621, 44622, 44623, and 44624.

We affirm the court's finding that there is no basis for the recusal of Judge Frank Eldridge in that the motion was unverified, not accompanied by any affidavit, and did not set forth any grounds recognized as grounds for recusal.

The appeals and cross-appeals in 44621, 44622, 44623, 44624 all arise from the trial court's order of January 8, 1987, on the cross-motions for summary judgment filed by the parties.

We affirm the court's granting Coast House and Sandease's motion for summary judgment as to certain issues and denying summary judgment to Mrs. Cherry on these issues. We affirm the trial court's denial of summary judgment to Coast House and Sandease on certain issues as to which there are issues of material fact remaining.

We affirm the trial court's grant of summary judgment to Mrs. Cherry on the issue of punitive or exemplary damages. We affirm the trial court's grant of summary judgment to Rolleston as to the claim against him for tortious interference with contract. We affirm the denial of summary judgment to him as to any *Yost v. Torok* claim which might now exist or arise in the future.

*Judgment affirmed in 44586, 44588, 44621, 44622, 44623, and 44624. Judgment in 44587 is affirmed in part and reversed in part. All the Justices concur, except Bell, J., who concurs in the judgment only. Weltner, J., disqualified.*

DECIDED SEPTEMBER 9, 1987 —
RECONSIDERATION DENIED SEPTEMBER 18, 1987.

*Moreton Rolleston, Jr.,* for Cherry and Rolleston.
*Austin E. Catts, Robert C. Koski,* for Coast House, Ltd.