**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 13, 2013**

# In the Court of Appeals of Georgia

A13A0830. SETTENDOWN PUBLIC UTILITY, LLC, et al. v.
     WATERSCAPE UTILITY, LLC.

A13A0831. BUTLER v. WATERSCAPE UTILITY, LLC.

BRANCH, Judge.

Settendown Public Utility, LLC, Ken Curren, Camella Curren, and Waterscape

Services, LLC (collectively "Settendown"), and their attorney, George E. Butler, II,

have filed separate direct appeals from an order of the trial court disqualifying Butler

from representing Settendown in a lawsuit filed against it by Waterscape Utility, LLC

("Waterscape").[1] Waterscape filed a motion to dismiss each of these appeals, arguing

---

[1] This is the second appearance of this case before this Court. The trial court
entered the order granting Waterscape's motion to disqualify Butler on October 8,
2012. On October 17, 2012, Settendown filed a motion for a certificate of immediate
review of the disqualification order. The trial court failed to rule on that motion by
October 18, thereby implicitly denying it. See OCGA § 5-6-34 (b) (certificates for
immediate review must be issued within ten days of the entry of the order being

that an order disqualifying counsel is an interlocutory order and that Settendown and Butler failed to obtain a certificate of immediate review or follow the application procedures required for an interlocutory appeal.[2] We denied the motions to dismiss to allow us to consider Settendown's argument that there is a conflict in Georgia law on the issue of whether a disqualification order is directly appealable. Having read and considered the relevant case law, we find no such conflict. As explained in our previous decision in *Lassiter Properties v. Davidson Mineral Properties*, 230 Ga. App. 216-217 (495 SE2d 663), this issue is controlled by the Georgia Supreme

certified). On October 25, 2012, Settendown filed the current direct appeal to this Court (Case No. A13A0830) and Butler filed a separate direct appeal (Case No. A13A0831). Approximately two weeks later, on November 7, 2012, Settendown filed an application for a discretionary appeal from the disqualification order. *Settendown Public Utility, LLC, et al. v. Waterscape Utility, LLC*, Case No A13D0122. We denied that application on November 20, 2012, finding that the order disqualifying Butler was interlocutory and that Settendown had failed to obtain a certificate of immediate review. See OCGA § 5-6-34 (b). Settendown then filed a petition for certiorari to the Georgia Supreme Court, arguing that there was a conflict in Georgia law on the question of whether a disqualification order is directly appealable. *Settendown Public Utility, LLC, et al. v. Waterscape Utility, LLC*, Case No. S13C0585. The Supreme Court denied that petition on May 6, 2013.

[2] Under Georgia law, a party may seek review of a disqualification order by availing itself of the procedures for an interlocutory appeal set forth in OCGA § 5-6-34 (b). See, e.g., *Redd v. State*, 264 Ga. 399 (444 SE2d 776) (1994) ("[t]he case is before the court from the grant of William S. Redd's application for interlocutory appeal from an order of the trial court granting the [S]tate's motion to disqualify his attorney").

Court's decision in *Cherry v. Coast House Ltd.*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987), rather than by *Stevens v. Thomas*, 257 Ga. 645 (361 SE2d 800) (1987). As explained more fully below, *Cherry* held that an order disqualifying counsel is an interlocutory order. And because neither Butler nor Settendown complied with the requirements for appealing such an order, we are without jurisdiction to consider these appeals. Accordingly, the appeals in both Case No. A13A0830 and Case No. A13A0831 are dismissed.

As an initial matter, the Georgia Code limits our jurisdiction to consider direct appeals to specific categories of judgments set forth in subsections (1) through (12) of OCGA § 5-6-34 (a). All other judgments of a trial court are considered interlocutory and are therefore subject to the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b).

> Our interlocutory appeal statute is not a run-of-the-mill procedural provision . . . . It is a *jurisdictional* law by which the General Assembly has limited the authority of Georgia's appellate courts to hear certain cases. "When the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for interlocutory appeal is followed."

(Citation and punctuation omitted; emphasis in original.) *American Gen. Finance Svcs. v. Jape*, 291 Ga. 637, 644-645 (732 SE2d 746) (2012) (Nahmias, J., concurring specially), quoting *Cherry*, 257 Ga. at 404 (2).

Orders granting a motion to disqualify an attorney representing one or more parties are not among the categories of judgments for which a right of direct appeal is granted in OCGA § 5-6-34 (a). Thus, both Georgia appellate courts have consistently recognized that disqualification orders are interlocutory and therefore subject to the interlocutory appeal procedure. See *Cherry*, 257 Ga. at 404 (2) (because a disqualification order is interlocutory, a notice of appeal from such an order does not act as a supersedeas unless the interlocutory appeal procedure has been followed); *Ewing Holding Corp. v. Egan-Stanley Investments*, 154 Ga. App. 493, 495-496 (1) (268 SE2d 733) (1980) (dismissing a direct appeal from an order disqualifying the appellant's attorney because such an order is interlocutory and appellant failed to follow the required procedure for bringing an interlocutory appeal); *Lassiter Properties*, 230 Ga. App. at 216-217 (adopting the holding in *Ewing*).

Settendown and Butler, however, argue that at least one Georgia Supreme Court case, decided the same term as *Cherry*, supports the conclusion that an order disqualifying counsel is directly appealable. In *Stevens v. Thomas*, 257 Ga. 645 (361

4

SE2d 800) (1987), a unanimous Georgia Supreme Court refused to address the appeal of an order disqualifying counsel, which was brought as part of an appeal challenging the award of sanctions and attorney fees against the defendants. One of the sanctions imposed by the trial court was the disqualification of the defendants' attorney who, together with his clients, had violated a court order to refrain from contacting potential class members. The Georgia Supreme Court found that the appeals of the disqualification order brought by the attorney and his clients were not timely because "[t]he disqualification was to take place instanter and was thus immediately appealable. The fact that the amount of attorney fees was not set until a later date does not affect the status of the disqualification as a final, appealable order." *Stevens*, 257 Ga. at 647 (1).

As we explained in *Lassiter Properties*, however, we decline to read this statement, which was unsupported by any citation to legal authority or any legal analysis and which failed to acknowledge the court's earlier decision in *Cherry*, as providing us with a basis for revisiting the question of whether disqualification orders are directly appealable. Rather, we view this issue as being "controlled by *Cherry v.*

5

*Coast House, Ltd., . . .* which appears to be the latest definitive statement by the [Georgia] Supreme Court on the issue." *Lassiter Properties*, 230 Ga. App. at 218.[3]

As we are holding that disqualification orders are interlocutory and because the procedures for appealing such an order were not followed, the only way we could acquire jurisdiction over this appeal would be if disqualification orders were considered collateral orders.

---

[3] Nor do we find any merit in Butler's argument that this Court's holding in *Lassiter Properties* gives him, as the disqualified attorney, the right of direct appeal. In attempting to distinguish the facts in *Lassiter Properties* from those in *Steven*s, the *Lassiter Properties* court observed that in *Stevens* it was the attorney, rather than the client, who was seeking to appeal the disqualification order. This attempted distinction, however, is an inaccurate description of the procedural posture of *Stevens*; that opinion expressly states that "[b]oth the [clients] and [the attorney] appeal from the orders . . . disqualifying [the attorney] and awarding attorney fees to the plaintiffs." *Stevens*, 257 Ga. at 646 (1). But in any event, the unsuccessful attempt by *Lassiter Properties* to distinguish *Stevens* does not represent a holding that an attorney has the right to file a direct appeal from an order disqualifying him. Furthermore, a disqualified attorney's personal desire for vindication does not constitute an independent basis for an interlocutory appeal. "An attorney who is disqualified . . . may well have a personal interest in pursuing an immediate appeal, an interest which need not coincide with the interests of the client. As a matter of professional ethics, however, the decision to appeal should turn entirely on the client's interest. See ABA Model Rules of Professional Conduct 1.7(b), 2.1 (1985)." *Richardson-Merrell v. Koller*, 472 U.S. 424, 434-435 (II) (A) (105 SCt2757, 86 LE2d 340) (1985) (holding that an "attorney's personal interest in a disqualification ruling" is neither "relevant [n]or dispositive" to the question of whether such a ruling is immediately appealable).

The United States Supreme Court has long recognized the collateral order doctrine as an exception to the final judgment rule,[4] see *Cohen v. Beneficial Industrial Loan Corp.*, 337 U. S. 541, 546-547 (69 SCt 1221, 93 LEd 1528) (1949), and the Georgia Supreme Court adopted the collateral order doctrine in 1982. See *Scroggins v. Edmondson,* 250 Ga. 430, 431–432 (1) (c) (297 SE2d 469) (1982); *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982). To be directly appealable under the collateral order doctrine, an order must "completely and conclusively decide[] the issue on appeal such that nothing in the underlying action can affect it; . . . resolve[] an issue that is substantially separate from the basic issues in the complaint; and [be] effectively unreviewable on appeal [from a final judgment]." *Murphy v. Murphy*, ___ Ga. App. ___ (747 S.E.2d 21) (2013) (whole court). See also *Coopers & Lybrand v. Livesay*, 437 U. S. 463, 468-469 (I) (98 SCt 2454, 57 LE2d 351) (1978) (denial of class certification does not constitute a collateral order because such an order is subject to revision in the district court, involves considerations that are enmeshed in

_____

[4] Under the final judgment rule, a party does not have the right to a direct appeal of any ruling of the trial court until that court has entered a final judgment on the merits of the case. See, e.g., *Firestone Tire & Rubber Co. v. Risjord*, 449 U. S. 368, 374 (II) (101 SCt 669, 66 LEd2d 571) (1981); 28 U. S. C. § 1291. See also OCGA § 5-6-34 (a) (1) (a judgment is final when "the case is no longer pending in the court below").

the factual and legal issues of the plaintiff's case, and is subject to effective review after final judgment at the behest of the named plaintiff or intervening class members); *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007) (order granting a motion to compel documents related to the funding of Georgia's indigent defense system was a collateral order as it was completely unrelated to the defendant's guilt or innocence, the appeal would conclusively resolve the discovery issue, and "the important rights of a number of indigent capital defendants would be compromised if [they] had to await final judgment before seeking review of the discovery order"). We find that disqualification orders do not constitute collateral orders because, despite Settendown's and Butler's arguments to the contrary, such orders may be effectively reviewed on appeal from a final judgment.

In determining whether a matter is subject to effective appellate review, we ask whether the relief sought would be barred by the entry of final judgment in the trial court. *Murphy*, ___ Ga. App. at ___ (holding that denials of a motion to recuse the trial judge are not collateral orders "because the parties' interests can be protected adequately in an appeal from a final judgment"). The fact that a ruling "may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final [trial] court judgment" is not sufficient to satisfy the requirement that an order be

8

effectively unreviewable. *Digital Equip. Corp. v. Desktop Direct*, 511 U. S. 863, 871-872 (II) (D) (114 SCt 1992, 128 LEd2d 842) (1994) See also *Richardson-Merrell*, 472 U. S. at 430-431 (II) ("[t]he collateral order doctrine is a narrow exception whose reach is limited to trial court orders affecting rights that will be *irretrievably lost* in the absence of an immediate appeal") (citations and punctuation omitted, emphasis supplied). Where effective relief would be available on appeal from a final judgment, therefore, Georgia's appellate courts have "'routinely require[d] litigants to wait until after final judgment to vindicate'" even those rights that are "'central to our adversarial system.'" *Expedia v. City of Columbus*, 305 Ga. App. 450, 453 (1) (699 SE2d 600) (2010) (holding that orders adverse to claims of privilege, including the attorney-client privilege, are subject to effective appellate review and are therefore not collateral orders), quoting *Mohawk Indus. v. Carpenter,* 558 U. S. 100, 108-109 (II) (B) (130 SCt 599, 175 LEd2d 458) (2009). See also *General Motors Corp. v. Hammock*, 255 Ga. App. 131, 131-132, (564 S.E.2d 536) (2002) (orders compelling discovery are not collateral orders).

Further, in *Richardson-Merrell*, the United States Supreme Court acknowledged "that an order disqualifying counsel may impose significant hardship on litigants," and noted that, "[p]articularly where the grounds for disqualification are troubling, this

9

hardship may tempt courts of appeals to assert jurisdiction pursuant to" the collateral order doctrine. 472 U. S. at 440 (IV). The Court then stated that appellate courts should avoid this temptation, explaining:

> It would seem to us to be a disservice to the Court, to litigants in general and to the idea of speedy justice if we were to succumb to enticing suggestions to abandon the deeply-held distaste for piecemeal litigation in every instance of temptation. Moreover, to find appealability in those close cases where the merits of the dispute may attract the deep interest of the court would lead, eventually, to a lack of principled adjudication or perhaps the ultimate devitalization of the finality rule as enacted by Congress. [Accordingly]*,* we decline to transform the limited exception carved out in *Cohen* into a license for broad disregard of the final[] [judgment] rule . . . .We hold that orders disqualifying counsel in civil cases, like orders disqualifying counsel in criminal cases and orders denying a motion to disqualify in civil cases, are not collateral orders subject to appeal as "final judgments" [pursuant to the collateral order doctrine].

(Citations and punctuation omitted.) Id.

We need not succumb to such temptation in this case. Even in the absence of an interlocutory appeal, relief from an erroneous disqualification order is available on appeal from a final judgment. Specifically, such an error may serve as the basis for a new trial motion. See *Firestone Tire & Rubber Co.*, 449 U.S. at 378 (II) (a trial court's

10

erroneous ruling on a motion to disqualify counsel can be remedied on appeal by "vacat[ing] the judgment appealed from and order[ing] a new trial"); *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 310 F3d 537, 539 (7th Cir. 2002) ("incorrect decisions about disqualification may justify reversal at the end of the case"). See also, *Murphy*, ___ Ga. App. at __ (noting that the remedy for the erroneous denial of a motion to recuse the trial judge is the grant of a new trial); *Expedia.*, 305 Ga. App. at 453 (1) (an order erroneously requiring the improper disclosure of privileged material may be remedied by the appellate courts "by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence") (citation and punctuation omitted). Accordingly, like the majority of courts to address this issue, including the United States Supreme Court, we hold that because orders granting or denying a motion to disqualify counsel are fully reviewable on appeal from a final judgment, the collateral order doctrine does not apply.[5] See *Richardson-Merrell*, 472 U. S. at 440 (IV) (orders granting a disqualification order are not appealable under the collateral order doctrine); *Firestone Tire & Rubber Co.*, 449 U. S. at 377 (II) ("[a]n order refusing to

---

[5] This case does not require us to decide the standard of review in an appeal from a final judgment where a claim of error is based on the grant or denial of a disqualification order.

11

disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within the much smaller class of those that are not"); *Fiber Materials v. Subilia*, 974 A2d 918, 927 (II) (A) (2) (Me., 2009) (because disqualification orders are subject to effective appellate review they are not collateral orders); *Flores Rentals v. Flores*, 283 Kan. 476, 491 (153 P3d 523) (2007) (disqualification orders are interlocutory, rather than collateral); *Vaccone v. Syken*, 587 Pa. 380, 386 (899 A2d 1103) ("orders disqualifying counsel in civil cases are not collateral orders subject to appeal") (2006); *Acierno v. Hayward*, 859 A2d 617, 620 (Del., 2004) (same); *Travco Hotels v. Piedmont Natural Gas Co.*, 332 N. C. 288, 291 (420 SE2d 426) (same) (1992). But see *PCG Trading v. Seyfarth Shaw*, 460 Mass. 265, 269 (1), note 6 (951 NE2d 315) (2011) (under Massachusetts law "[a]n order granting a motion to disqualify counsel has traditionally been held to be a final judgment and therefore immediately appealable under the collateral order doctrine"); *Jacob North Printing Co. v. Mosley*, 279 Neb. 585, 587-588 (779 NW2d 596) (2010) (under Nebraska law, orders disqualifying attorneys are considered collateral orders and are directly appealable).

Because the disqualification order at issue is interlocutory, and not collateral, it is not within "this Court's discretion to consider the disqualification of [Butler] by

direct appeal at this time." *Lassiter Properties*, 230 Ga. App. at 218. The appeals in Case No. A13A0830 and Case No. A13A0831 are therefore dismissed as premature. Id. Settendown's and Butler's recent motions to stay a decision in these appeals are hereby denied as moot.

*Appeals dismissed in Case No. A13A0830 and Case No. A13A0831. Phipps, C. J., and Ellington, P. J., concur.*