# Court of Appeals
# of the State of Georgia

ATLANTA, June 08, 2016

*The Court of Appeals hereby passes the following order:*

## A16I0211.  COLUMBUS CONSOLIDATED GOVERNMENT v. FRANKLIN WOODY.

Columbus Consolidated Government ("Columbus") filed this application for interlocutory review of the trial court's order denying its motion for judgment on the pleadings. We, however, lack jurisdiction.

Pursuant to OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. Columbus obtained a timely certificate of immediate review of the trial court's order on April 29, 2016. However, OCGA § 5-6-34 (b) also mandates the filing of the interlocutory application within ten days after entry of the certificate of immediate review. Columbus attempted to file its application by mail on May 9, 2016. In January 2015, however, this Court moved to a mandatory electronic filing system. See Court of Appeals Rules, Rules 4 (b) and 46.  After being informed by this Court that electronic filing was required, Columbus e-filed its application on May 13, 2016, 14 days after the entry of the certificate of immediate review. Accordingly, Columbus's application is untimely.

In light of its untimely application, Columbus has filed a consent motion to change this Court's filing date so that its application will be timely. But "[t]he legislature did not intend for parties to regulate litigation." *Scruggs v. Georgia Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991). This Court has exercised its inherent authority to grant motions to change a filing date on rare occasions when, through no fault of their own, parties have filed an untimely application. Here, however, Columbus merely failed to follow this Court's rules.

Under these circumstances, Columbus's motion to change the filing date is hereby DENIED.

"[W]hen the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for interlocutory appeal is followed." *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987). Because Columbus failed to follow our interlocutory appeal procedure, this application is hereby DISMISSED for lack of jurisdiction.[1]



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 06/08/2016

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*, *Clerk.*

---

[1] If appellate review is warranted at this juncture, the applicant may petition the trial court to vacate and re-enter the order and certificate of immediate review.