# Court of Appeals
# of the State of Georgia

ATLANTA,  November 08, 2016

*The Court of Appeals hereby passes the following order:*

## A17I0055.  OK LAKE LANIER, LLLP et al. v. CHARLES HOLSTON et al.

OK Lake Lanier LLLP and Kolter Signature Homes GA, LLC (collectively the "Lanier Defendants") filed this application for interlocutory review of the trial court's order denying their motion for summary judgment.  We, however, lack jurisdiction.

Pursuant to OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had.  The trial court reentered its order denying summary judgment on September 26, 2016, because the Lanier Defendants sought a certificate of immediate review outside the ten-day window proscribed by statute.   The Lanier Defendants then obtained a timely certificate of review on that same date.  However, OCGA § 5-6-34 (b) also mandates the filing of the interlocutory application within ten days after entry of the certificate of immediate review. The Lanier Defendants filed their interlocutory application on October 13, 2016, 17 days after the entry of the certificate of immediate review.  Accordingly, this application is untimely.

In light of their untimely application, the Lanier Defendants filed an emergency motion for extension of time to file their application.  Pursuant to Court of Appeals Rule 30 (g), however, "[n]o extension of time shall be granted for filing of interlocutory applications."   "[W]hen the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for interlocutory appeal is followed." *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987).

In light of the above, the Lanier Defendants' emergency motion is hereby DENIED, and because they failed to follow our interlocutory appeal procedure, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

    *Clerk's Office, Atlanta,* 11/08/2016

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*

2