# Court of Appeals
# of the State of Georgia

ATLANTA,  August 20, 2020

*The Court of Appeals hereby passes the following order:*

**A21I0015. KIARI KENDRELL CEPHUS v. GUVEN'S FINE JEWELRY.**

Guven's Fine Jewelry sued Kiari Kendrell Cephus after he allegedly failed to return some pieces of jewelry. Cephus was served by publication, and on May 26, 2020, the trial court granted Guven's Fine Jewelry's motion for default judgment and set the case for a hearing on damages. The trial court issued a certificate of immediate review on June 1, 2020, but Cephus did not file this application for interlocutory appeal until July 29, 2020. We lack jurisdiction over this untimely application.

Under OCGA § 5-6-34 (b), an application for interlocutory appeal must be filed within ten days of obtaining a timely certificate of immediate review. See *Genter v. State*, 218 Ga. App. 311, 311 (460 SE2d 879) (1995); *Graves v. Dean*, 166 Ga. App. 186, 186 (303 SE2d 751) (1983). Here, Cephus filed his application 58 days after the certificate of immediate review was entered, and 15 days beyond the reimposition of deadlines under the Fourth Order Extending Declaration of Statewide Judicial Emergency (July 10, 2020).[1] Cephus's application, therefore, is untimely.

Cephus's attorney admits this application is untimely, but he notes that his firm experienced an outbreak of Covid-19 and that hardship prevented him from timely filing the application. The attorney requests that we consider the untimely filing and allow the application to proceed. Unfortunately, this Court is unable to extend the

---

[1] This Order "reimposes all deadlines and other time schedules and filing requirements that are imposed on litigants by statutes, rules, regulations, or court orders . . ." effective July 14, 2020. (II) (A) (2). Thus, Cephus was required to file his application for interlocutory review within 10 days of July 14, 2020.

time within which an application for interlocutory appeal may be considered. See Court of Appeals Rule 16 (d) ("[n]o extension of time shall be granted to file an interlocutory application or a response thereto."); Court of Appeals Rule 30 (i) ("No extension of time shall be granted to file interlocutory applications or responses to interlocutory applications."). As the Supreme Court has made clear, "when the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for interlocutory appeal is followed." *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987). Accordingly, we are unable to consider this untimely application for interlocutory appeal.[2]

Based on the foregoing, Guven's Fine Jewelry's motion to dismiss is hereby GRANTED, and this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  08/20/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] Because the case remains pending in the trial court, Cephus may seek to have the trial court vacate and re-enter the order and certificate of immediate review.