[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13126
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-05141-AT

MOSES LANGFORD,

Plaintiff-Appellant,

versus

MAGNOLIA ADVANCED MATERIALS, INC.,
NELSON MULLINS RILEY & SCARBOROUGH LLP,
ERIKA CLARKE BIRG,
PETER L. MUNK,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 7, 2021)

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Moses Langford, proceeding *pro se*, appeals the district court's (1) dismissal of his 42 U.S.C. § 1981 action based on *res judicata* and (2) denial of his motion for reconsideration.  After careful review of the parties' briefs and the record, we affirm.

**I**

**A**

Mr. Langford's claim arises from the events from a May 2015 state-court lawsuit in a Georgia court, which is still ongoing. Magnolia Advanced Materials, Inc., represented by Nelson, Mullins, Riley & Scarborough, LLP, sued Mr. Langford in Georgia for breach of contract and violation of the Georgia Trade Secrets Act, and sought a permanent injunction.  Michael Mondy, a Georgia lawyer, represented Mr. Langford in the lawsuit.  After Mr. Mondy was held in contempt for violating a court order, he notified Mr. Langford that he wished to withdraw as counsel in May of 2018. Mr. Langford consented, and Mr. Mondy filed a notice of his intent to withdraw as counsel.

Magnolia subsequently filed an objection to Mr. Mondy's withdrawal.  In its objection, Magnolia argued that permitting Mr. Mondy to withdraw while a motion for attorney's fees and a motion to compel discovery were pending would delay trial and interrupt the court's efficient operations because of the additional procedures that would be required to (1) obtain discovery from a *pro se* party, (2) issue a

2

subpoena to Mr. Mondy for any documents retained, and (3) obtain attorney's fees from Mr. Mondy.  Magnolia cited Georgia's Uniform Superior Court Rule 4.3 and Georgia precedent, which explain that a motion to withdraw as counsel is granted only with the court's permission.

The Georgia court issued an order compelling Mr. Langford and Mr. Mondy to provide discovery.  The court determined that each of Mr. Langford's objections to Magnolia's discovery request failed as a matter of law, and stated that it was reserving its ruling on Mr. Mondy's motion to withdraw until discovery had been produced.  In making its ruling, the court specified that allowing Mr. Mondy to withdraw as Mr. Langford's counsel before that point would further interfere with the discovery process.  The court eventually granted Mr. Mondy's motion to withdraw in March of 2021.  As noted, the state court litigation is ongoing.

**B**

On October 30, 2018, Mr. Mondy filed suit against Judge Boulee (who presided over the Georgia action), Magnolia, Magnolia's attorneys, and their law firm, Nelson Mullins, under 42 U.S.C. §§ 1981 and 1983, seeking damages, injunctive relief, and declaratory relief.  *See Mondy v. Boulee*, 805 F. App'x 939, 939–41 (11th Cir. 2020).  Mr. Mondy alleged that the defendants violated his Thirteenth and Fourteenth Amendment rights when they interfered with his right to withdraw as Mr. Langford's counsel "for racially discriminatory reasons."  In

support, Mr. Mondy argued that he and Mr. Langford were African-American and the defendants were Caucasian, and that Magnolia's objection did not cite appropriate facts or legal authority. *See id* at 941. The district court entered a separate judgment in favor of Judge Boulee, and we dismissed Mr. Mondy's appeal from that judgement as untimely. *Id* at 940. The district court also dismissed Mr. Mondy's complaint against the other defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Mr. Mondy did not have an absolute right under Georgia law to withdraw as Mr. Langford's counsel, and because the complaint lacked factual allegations necessary to assert that Magnolia or its counsel acted with racist motives. *See id.* at 941–42. Mr. Mondy challenged that dismissal, and we affirmed. *See id.*

## C

On November 13, 2019, Mr. Langford filed a complaint that was an almost verbatim copy of Mr. Mondy's; the only differences were the substitution of his name for Mr. Mondy's and the omission of Judge Boulee as a defendant. As had Mr. Mondy, Mr. Langford asserted claims under 42 U.S.C. §§ 1981 and 1983 for damages, injunctive relief and declaratory relief. He alleged that the defendants' objection to Mr. Mondy's withdrawal violated his Thirteenth and Fourteenth Amendment rights because it interfered with his right to terminate his contract with Mr. Mondy "for racially discriminatory reasons." He asserted that the objection was

4

not supported by legal authority, was not supported by an affidavit, and contained allegations that the defendants knew were false.

The defendants filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) arguing that (1) Mr. Langford's § 1981 claims were precluded by collateral estoppel, (2) Mr. Langford's claims became moot when the state court in the Magnolia action ruled on the motion to compel and the motion for attorney's fees, and (3) Mr. Langford failed to state a claim upon which relief could be granted. Mr. Langford filed a motion to amend his complaint on December 15, 2019, followed by a proposed amended complaint on March 23, 2020.

The district court granted the defendants' motion to dismiss based on *res judicata* (i.e., claim preclusion). In addition, the district court determined that Mr. Langford's amended complaint was untimely and futile because it exceeded the timeline allowed by the Federal Rules of Civil Procedure without prior permission from the court and because, even if it had been timely, the claims would not have survived dismissal. The court also denied Mr. Langford's motion for reconsideration.

Mr. Langford now appeals.

## II

We review *de novo* the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted,

"accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).  We note that the district court concluded that claim preclusion barred Mr. Langford's discrimination claims.  We may, however, "affirm on any ground that finds support in the record." *Long v. Comm'r of IRS*, 772 F.3d 670, 675 (11th Cir. 2014).

We review the district court's decision to deny leave to amend a pleading for abuse of discretion.  *See Walker v. S. Co. Servs., Inc.*, 279 F. 3d 1289, 1291 (11th Cir. 2002).  "A district court abuses its discretion by applying an incorrect legal standard, following improper procedures, or basing its award on clearly erroneous factual findings." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1259 (11th Cir. 2014).

### III

The defendants argue that Mr. Langford's claims are moot because Magnolia's objection to Mr. Mondy's motion to withdraw expired on its own terms when the state court ruled on Magnolia's motion for attorney's fees and motion to compel discovery in October of 2018.  We disagree, as Mr. Langford is still capable of benefitting from the relief that he requested in his complaint.  *See Florida Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000).  Although the Georgia court granted Mr. Mondy's

6

motion to withdraw in March of 2021, which may render his request for injunctive and declaratory relief moot, Mr. Langford also sought damages based on the defendants' alleged conduct, which he could still obtain if successful. *See Adler v. Duval Cty. School Bd.*, 112 F.3d 1475, 1478 (11th Cir. 1997).

### IV

A complaint must contain sufficient facts and allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The mere possibility that a defendant acted unlawfully is insufficient. *See id*. Therefore, though "detailed factual allegations" are not required, a complaint must contain more than "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement." *Id.* at 555–57. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008). We construe *pro se* pleadings liberally, but nevertheless require *pro se* parties to follow procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

As the Supreme Court has explained, 42 U.S.C. §1981 "protects the equal right of [a]ll persons to make and enforce contracts without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 470 (2006) (internal quotations omitted and alteration in original) (defining "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits ... of the contractual relationship"). *See also Moore v.*

7

*Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1171 (11th Cir. 2016).  Therefore, in order to assert a claim under § 1981, a complaint must "initially identify an impaired contractual relationship." *Domino's Pizza, Inc.*, 546 U.S. at 470.

The Georgia Constitution provides that "[n]o person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause." Ga. Const. art. I, § 1, ¶ XII.  Further, a represented party retains his right to represent himself *pro se*.  *See Cherry v. Coast House, Ltd.*, 359 S.E.2d 904, 907 (Ga. 1987).  But the Georgia Supreme Court has indicated that this right is not absolute and is subject to the power of courts to ensure the orderly disposition of matters before them, pursuant to O.C.G.A. § 15-1-3(4).  *See, e.g.*, *id.* (determining that, where a court was confronted with multiple appearances and filings by a party and his attorneys, the court erred in barring the party from proceeding *pro se* but was within its power to appoint a leading counsel).

Georgia courts are vested with the authority "[t]o control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto."  O.C.G.A. § 15-1-3(4).  Rule 4.3 of Georgia's Uniform Superior Court Rules provides that an attorney who wishes to withdraw as counsel must file a request with the court, which "will be granted unless in the judge's discretion to do so would delay the trial or otherwise interrupt the orderly operation of the court or be manifestly unfair to the client."  Ga.

8

Unif. Superior Ct. R. 4.3(1). In addition, the Georgia Rules of Professional Conduct require attorneys to comply with applicable laws and rules before withdrawing. *See* Ga. R. Prof'l Conduct 1.16(c). When ordered to do so by a court, an attorney must continue representing a client "notwithstanding good cause for terminating the representation." *Id.*

To state a claim of racial discrimination under § 1981, "plaintiffs must allege facts establishing: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270 (11th Cir. 2004). Here, dismissal under Federal Rule of Civil Procedure 12(b)(6) was appropriate because Mr. Langford failed to state a claim of race discrimination under § 1981. *See Haynes*, 793 F.3d at 1249. [1]

As an initial matter, Mr. Langford has abandoned the issue of whether he stated a claim of mixed-motive discrimination by addressing the issue only in a single sentence in his initial brief without developing a supporting argument or citing legal authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–82

---

[1] We note that Mr. Langford asserted claims under §1981 as well as under §1983 in his original complaint. Because Mr. Langford only raises his § 1981 claim on appeal, we need not address the §1983 claim. *See United States v. Jernigan,* 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). Furthermore, Mr. Langford has not raised the denial of his motion to amend the judgment, so we do not address it either. *See id.*

9

(11th Cir. 2014). Likewise, he has abandoned his claim for punitive damages, to the extent that it was a separate cause of action, by failing to raise it on appeal. *See id.*

Mr. Langford's complaint failed to sufficiently allege that the defendants' objection impaired his contractual relationship with Mr. Mondy because that relationship was subject to the Georgia Rules of Professional Conduct. *See* Ga. R. Prof'l Conduct 1.16(c). Because Georgia law provides that an attorney must continue to represent a client if ordered to do so by the court, notwithstanding the existence of good cause for withdrawal, Mr. Mondy did not have an immediate or absolute right to withdraw, and Mr. Langford did not have the unilateral right to discharge him. *See id.*; Ga. Unif. Superior Ct. R. 4.3(1).

Mr. Langford's complaint also failed to state a claim under § 1981 because he asserted only conclusory allegations of animus and the races of the parties in order to allege racially discriminatory motives. *See Ashcroft*, 556 U.S. at 678; *Jimenez v. Wellstar Health System*, 596 F.3d 1304, 1308 (11th Cir. 2010). As we determined in Mr. Mondy's suit, Magnolia's objection was facially neutral: it stated that permitting Mr. Mondy to withdraw would delay a resolution of the case by complicating discovery—which had already been ongoing since August of 2015 at the time the Georgia state court issued its order in October of 2018. *See Mondy*, 805 F. App'x at 942. Moreover, Magnolia supported its objection with citations to

relevant legal authority. Accordingly, dismissal was appropriate based on Mr. Langford's failure to state a claim under § 1981.

## V

A party may amend a pleading once as a matter of course within 21 days of the service of a Rule 12(b) motion. *See* Fed. R. Civ. P. 15(a)(1)(B). But a party may amend a pleading more than 21 days after such a motion has been filed "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). In general, leave to amend should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). A district court has "extensive discretion" in deciding whether to grant a motion for leave to amend. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). Leave to amend need not be given "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Id.* Leave to amend is futile where the amended complaint would still fail at the motion to dismiss stage of the litigation. *See L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020).

Mr. Langford timely filed his motion to amend as a matter of course after Nelson Mullins filed its motion to dismiss. Fed. R. Civ. P. 15(a)(1), (2). Because he did not file an amended complaint until several months later, however, he waived his right to amend as a matter of course. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 869-70 (11th Cir. 2010). Moreover, because the proposed amended

complaint reasserted the same factual allegations from his original complaint, while adding Judge Boulee as a party and asserting additional state claims, like the original, it was subject to dismissal for failure to state a claim under Rule 12(b)(6).[2]  In other words, amendment would have been futile.

For these reasons, the district court did not abuse its discretion in denying Mr. Langford's motion to amend complaint.

## VI

We affirm the district court's dismissal of Mr. Langford's complaint and the denial of his motion to amend the complaint.

**AFFIRMED**.

---

[2] In his proposed amended complaint, Mr. Langford's asserted the following state claims: negligence, intentional interference of an employment relationship, intentional interference of a business relationship, right to present yourself without an attorney, absolute right to fire your attorney.  He also asserted a claim for punitive damages against the defendants.

12