# Court of Appeals
# of the State of Georgia

ATLANTA,  December 22, 2022

*The Court of Appeals hereby passes the following order:*

### A23A0513. BURN AND RECONSTRUCTIVE CENTERS OF AMERICA, LLC et al v. MEDICAL COLLECTION SYSTEMS, INC. et al.

In this civil action, plaintiff Medical Collection Systems, Inc. and intervenors Joseph M. Still Burn Centers, Inc. ("JMS") and Dr. S. M. Abu Zaheed Hassan, moved to disqualify counsel for defendant Burn and Reconstructive Centers of America, LLC ("BRCA"), asserting a conflict of interest. The trial court granted the motion, ruling that BRCA's counsel were disqualified from continuing to represent BRCA and from rendering any additional legal advice or services to BRCA or JMS. BRCA's counsel then filed a notice of appeal. The plaintiff and intervenors have both moved to dismiss this appeal, contending that BRCA's counsel were required to file an application for interlocutory appeal. We agree.

It is well established that an order disqualifying counsel is an interlocutory order. See *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987); *Settendown Pub. Utility, LLC v. Waterscape Utility, LLC*, 324 Ga. App. 652, 657-658 (751 SE2d 463) (2013) (collecting cases). Thus, in order to obtain appellate review, BRCA's counsel were required to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b), and their failure to do so deprives this Court of jurisdiction over this appeal. See *Settendown*, 324 Ga. App. at 653.

Although counsel assert in their notice of appeal that the disqualification order should be treated as a collateral order subject to direct appeal, this Court has held that "because orders granting or denying a motion to disqualify counsel are fully reviewable on appeal from a final judgment, the collateral order doctrine does not apply." *Settendown*, 324 Ga. App. at 657-658. Further, counsel asserts that the

disqualification order may be appealed directly as an injunction.[1] In light of the clear authority – including Supreme Court precedent – establishing that a disqualification order may not be appealed directly, we decline to consider the order as the grant of injunctive relief.

Thus, the failure of BRCA's counsel to comply with the interlocutory appeal procedure deprives us of jurisdiction over this appeal. Accordingly, the motions to dismiss filed by the plaintiff and intervenors are GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__12/22/2022_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ , *Clerk.*

---

[1] See OCGA § 5-6-34 (a) (4) (allowing direct appeals from "[a]ll judgments or orders granting or refusing applications for . . . interlocutory or final injunctions").