# Court of Appeals
# of the State of Georgia

ATLANTA,  September 27, 2023

*The Court of Appeals hereby passes the following order:*

### A24A0257. BRIGHTER CAPITAL MANAGEMENT, LLC et al v. BCF-EF, LLC et al.

Brighton Capital Management, LLC and its principal, Ricardo I. Korn ("Plaintiffs"), sued  BCF-EF, LLC ("BCF"), Bentley Spectrum Partners, LLC, and Emmanuel S. Fialkow ("Defendants"), asserting claims arising out of the Defendants' alleged breach of the BCF operating agreement.[1] A discovery dispute ensued and in February 2023, the trial court granted the Defendants' motion to compel and required that Korn and a second LLC he controlled, Hermes Ventures,[2] produce certain documents within ten days of the order. After the Plaintiffs failed for several months to comply with the February order, the Defendants moved for sanctions. The trial court granted that motion and, in an order entered July 20, 2023, the court struck the Plaintiff's' complaint; dismissed Plaintiffs' claims with prejudice; ordered Korn and Hermes Ventures to produce certain documents; imposed sanctions of $500 per day on Korn and Hermes Ventures until the contempt was cured; and awarded Defendants costs and attorney fees in an amount to be determined. Following entry of the July 20 order, Plaintiffs filed this direct appeal. We, however, lack jurisdiction.

---

[1] In an unpublished opinion issued pursuant to Court of Appeals Rule 36, we previously affirmed the trial court's order granting the Plaintiffs' motion for appointment of a receiver. See *BCF-EF, et al. v. Brighton Capital Management, et al.*, Case No. A221700 (March 2, 2023).

[2] Hermes Ventures is not a party to the current litigation. Korn, however, is the sole member of both Brighton Capital Management and Hermes Ventures.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" See also *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022) ("Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court.") (citation and punctuation omitted). Here, however, the July 20 order makes clear that the case remains pending below. Thus, to appeal that order, the Plaintiffs were required to follow the interlocutory appeal procedures set forth in OCGA § 5- 6-34 (b). Their failure to do so deprives us of jurisdiction to consider this appeal. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016) (when the order appealed from is interlocutory, this Court does not acquire jurisdiction unless the procedures for an interlocutory appeal are complied with); see also *Settendown Public Utility, LLC v. Waterscape Utility, LLC*, 324 Ga. App. 652, 653 (751 SE2d 463) (2013) (the "interlocutory appeal statute is not a run-of-the-mill procedural provision. It is a jurisdictional law by which the General Assembly has limited the authority of Georgia's appellate courts to hear certain cases.") (citation, punctuation and emphasis omitted.) Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,__09/27/2023_____*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*