# Court of Appeals
# of the State of Georgia

ATLANTA,  May 28, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1815. IN THE INTEREST OF A. E. L. et al., CHILDREN.
## A25A1816. JENNIFER FEEHLEY v. JEFFERY LAMAR LANIER et al.

On April 9, 2025, the Baldwin County Superior Court issued an order in two related domestic relations proceedings disqualifying attorney Bethany Hillis from simultaneously representing Jennifer Feehley in one of the proceedings and Jeffery Lanier[1] in the other proceeding and ordering Hillis to obtain an ethics opinion on whether she can represent either party in either proceeding. On April 30, 2025, Feehley and Lanier filed these direct appeals in both cases. Although Feehley and Lanier filed a single, joint notice of appeal under both lower court case numbers, it is apparent that Feehley seeks to appeal the order entered in lower court case no. 2025-SU-CV-074 and that Lanier seeks to appeal the order entered in lower court case no. 2024-SU-CV-705. Lanier's appeal has been docketed in this Court as case no. A25A1815, while Feehley's appeal has been docketed in this Court as case no. A25A1816. For the reasons that follow, we lack jurisdiction over both appeals.

1. *Procedural history*

   (a) Case No. A25A1815

In December 2024, the Baldwin County Superior Court issued an order terminating the parental rights of Lanier, the then-legal father of minor children A. E. L. and N. G. L., and granted Timothy and Sheila McCant's petition to adopt the children, in lower court case no. 2024-SU-CV-705. In March 2025, attorney Hillis,

---

[1] Lanier's first name also is spelled "Jeffrey" in the lower court records.

on behalf of Lanier, filed an OCGA § 9-11-60 motion to set aside the December 2024 order. It appears that that motion remains pending in the trial court. As discussed above, the trial court issued the order disqualifying Hillis on April 9, 2025, and Lanier filed this appeal on April 30, 2025.

(b) Case No. A25A1816

In November 2024, attorney Hillis, on behalf of Feehley — who claims to be the biological mother of A. E. L. and N. G. L. — filed a complaint seeking to change custody of the minor children, who, it appears, were then under the guardianship of the McCants. The complaint initially was filed in Bulloch County Superior Court but subsequently was transferred to Baldwin County Superior Court, where it was docketed under case no. 2025-SU-CV-074. As discussed above, the trial court issued the order disqualifying Hillis on April 9, 2025. On April 15, 2025, Hillis, on behalf of Feehley, filed an amended petition to change custody, which appears to remain pending in the trial court. Feehley filed this appeal of the April 9 order on April 30, 2025.

2. *Discussion*

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An order disqualifying counsel, however, is interlocutory. See *Cherry v. Coast House*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987); *Settendown Pub. Utility* v. *Waterscape Utility*, 324 Ga. App. 652, 654-658 (751 SE2d 463) (2013). Consequently, because both lower court cases remain pending below, the appellants were required to follow the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court in each case — to appeal the order at issue here. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Pretermitting whether these appeals suffer from additional jurisdictional defects, the

appellants' failure to comply with the interlocutory appeal requirements deprives us of jurisdiction over the direct appeals in case nos. A25A1815 and A25A1816, which are hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 05/28/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*