# Court of Appeals
# of the State of Georgia

ATLANTA,  April 23, 2026

*The Court of Appeals hereby passes the following order:*

### A26I0178. ALLIED PROPERTY GROUP, LLC v. PERRIN OAKS HOMEOWNERS ASSOCIATION, INC., et al.

After Allied Property Group, LLC made substantial modifications to the exterior of a home it owns in the Perrin Oaks subdivision, the subdivision's homeowners association ("HOA") cited the company for failure to comply with the neighborhood's declaration of covenants. Additionally, the HOA issued a directive to Allied requiring it to remediate any modifications that violated the Declarations, and imposed fines for every day the property remained in violation. Allied then filed the underlying action asserting a number of claims against the HOA and its individual board members (collectively, "Defendants"). Defendant asserted several counterclaims, sought a protective order, moved to dismiss Allied's claims against them. Following a hearing, the trial court entered an order dismissing all of the claims brought by Allied, but left the Defendants' counterclaims pending.[1] On March 17, 2026 the trial court granted Allied a certificate of immediate review. Allied filed this application for interlocutory review on March 31, 2026. We lack jurisdiction.

Under OCGA § 5-6-34(b), a party may request interlocutory review if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. Additionally, an application for interlocutory review must be filed in this Court *within ten days after the certificate of immediate review is granted*. OCGA § 5-6-34(b). See *Genter v. State*, 218 Ga. App. 311, 311 (460 SE2d 879) (1995)*; Graves*

---

[1] The order also denied as moot Defendants' motion for a protective order.

*v. Dean*, 166 Ga. App. 186, 186 (303 SE2d 751) (1983). Here, the trial court entered the certificate of immediate review on March 17, 2026, meaning that Allied had to file its application for interlocutory appeal no later than March 27, 2026. Allied's application, however, was not filed until March 31, 2026.

The requirements of OCGA § 5-6-34(b) are jurisdictional, and if a party seeking interlocutory review does not comply with these requirements, we lack jurisdiction to consider its application. See *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016) ("when the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5–6–34(b) for interlocutory appeal is followed") (citation and punctuation omitted). Accord *Settendown Pub. Utility, LLC v. Waterscape Utility, LLC*, 324 Ga. App. 652, 653 (751 SE2d 463) (2013) (the "interlocutory appeal statute is not a run-of-the-mill procedural provision [but instead] is a jurisdictional law by which the General Assembly has limited the authority of Georgia's appellate courts to hear certain cases") (citation and punctuation omitted). Instead, where a party files an untimely application for interlocutory appeal, it must wait until after the entry of final judgment to appeal. See *Duke v. State*, 306 Ga. 171, 178(3)(a) (829 SE2d 348) (2019).

Because we are without jurisdiction to consider this application, it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   04/23/2026*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*