# Court of Appeals
# of the State of Georgia

ATLANTA, May 11, 2026

*The Court of Appeals hereby passes the following order:*

**A26I0207. BLUE FLAME LOUNGE, INC. v. ANDREW DAVIS et al.**

On April 20, 2026, the trial court certified for immediate review its order denying the motion for summary judgment filed by the defendant Blue Flame Lounge, Inc. On May 1, 2026, the defendant filed this application for interlocutory review. We lack jurisdiction because the application is untimely.

Under OCGA § 5-6-34(b), a party may request interlocutory review if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. Additionally, an application for interlocutory review must be filed in this Court within ten days after the certificate of immediate review is granted. OCGA § 5-6-34(b). See *Genter v. State*, 218 Ga. App. 311, 311 (460 SE2d 879) (1995); *Graves v. Dean*, 166 Ga. App. 186, 186 (303 SE2d 751) (1983).  Here, the trial court entered the certificate of immediate review on April 20, 2026, meaning that the defendant needed to file its application for interlocutory appeal no later than April 30, 2026. The defendant's application, however, was not filed until May 1, 2026.

The requirements of OCGA § 5-6-34(b) are jurisdictional, and if a party seeking interlocutory review does not comply with these requirements, we lack jurisdiction to consider its application. See *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016) ("when the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34(b) for interlocutory appeal is followed") (citation and punctuation omitted). Accord *Settendown Pub. Utility, LLC v. Waterscape Utility, LLC*, 324 Ga. App. 652, 653 (751 SE2d 463) (2013) (the "interlocutory appeal statute is not a run-of-the-mill procedural

provision [but instead] is a jurisdictional law by which the General Assembly has limited the authority of Georgia's appellate courts to hear certain cases") (citation and punctuation omitted). Instead, where a party files an untimely application for interlocutory appeal, it generally must wait until after the entry of final judgment to appeal.[1] See *Duke v. State*, 306 Ga. 171, 178(3)(a) (829 SE2d 348) (2019).

Because we are without jurisdiction to consider this application, it is hereby DISMISSED.



Court of Appeals of the State of Georgia
   *Clerk's Office, Atlanta,*  05/11/2026

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] In order to give a party a second opportunity to pursue an interlocutory appeal, a trial court may vacate and reinstate both the underlying order and the certificate of immediate review. See *Canoeside Properties v. Livsey*, 277 Ga. 425, 426–27(1) (589 SE2d 116) (2003); *Piedmont Hosp. v. D. M.*, 335 Ga. App. 442, 444(1) (779 SE2d 36) (2015).